## DEMPSTER v. MANN et al.

### (Circuit Court, S. D. New York. November 11, 1907.)

LIBEL—ACTION—SUFFICIENCY OF COMPLAINT.

An article published in a newspaper which to the common understanding charged that a woman referred to was the mistress of plaintiff is libelous per se, and special damages need not be alleged in a complaint for the libel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 71–78, 213.]

At Law. On demurrer to complaint.

Charles O. Maas, James A. Wakefield, and Lawrence W. Trowbridge, for plaintiff.

Wray & Callaghan and Albert A. Wray, for defendants.

HAZEL, District Judge. The context of the article in its entirety, together with the manner in which the language is phrased, indicates that it was the intention of the defendants that its readers should suppose and understand that the "lady whose ostensible occupation is trimming hats" was the mistress of the plaintiff. This meaning is quite likely to be drawn by most of the readers of Town Topics, defendants' publication. The defendants contend that the complaint is demurrable because special damages are not pleaded; but I think the asserted false defamatory publication of and concerning the plaintiff is libelous per se, and he has the right to recover such damages as he has sustained in consequence of the publication without alleging the sustention of special damages. Slayton v. Henken, 91 Hun, 588, 36 N. Y. Supp. 249. And see Smid v. Bernard, 31 Misc. Rep. 35, 63 N. Y. Supp. 278, where the rule of general and special damages in actions for libel is fully discussed.

The demurrers are overruled, with costs. The defendants are required to answer within 20 days.